

ORIGINAL

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

MAY 1 1 2006
11:58

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | | |
|---|---|---|
| **NANCY MCKINNEY** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO.** |
| | § | |
| **HOME DEPOT, USA, INC.** | § | **4 - 0 6 C V - 3 2 7 - A** |
| **d/b/a THE HOME DEPOT;** | § | |
| **HOME DEPOT, INC.; HOME DEPOT** | § | |
| **INTERNATIONAL, INC. f/k/a HOME** | § | |
| **DEPOT OF TEXAS, INC.; TIMOTHY** | § | |
| **HOOVER AND STUART LAZARUS** | § | |
| | § | |
| **Defendants** | § | |

## <u>DEFENDANTS' NOTICE OF REMOVAL</u>

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS:

Defendants **HOME DEPOT, USA, INC. d/b/a THE HOME DEPOT, HOME DEPOT, INC., HOME DEPOT INTERNATIONAL, INC. f/k/a HOME DEPOT OF TEXAS, INC., TIMOTHY HOOVER AND STUART LAZARUS** submit this Notice of Removal pursuant to the provisions of 28 U.S.C. §§ 1441 *et seq.* and, in support hereof, would show as follows:

1.      Plaintiff is a citizen and resident of Texas.  (Plaintiff's Original Petition, Section II, Paragraph 2.1).  Plaintiff filed this action against Defendants on January 6, 2006, in the 153rd Judicial District Court for Tarrant County, Texas, bearing Cause No. 153-215682-06.

2.      This Court has original subject matter jurisdiction over this action under 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.  Diversity jurisdiction existed both at the time the state court action was filed and at the time of this removal.

3.     Defendant Home Depot U.S.A., Inc. is a Delaware corporation with its principal place of business in Atlanta, Georgia.  Home Depot, Inc. is a Delaware corporation with its principal place of business in Atlanta, Georgia.  For the purposes of diversity jurisdiction, Home Depot U.S.A., Inc. and Home Depot, Inc. are citizens of Delaware and Georgia.  *28 U.S.C. § 1332(c)(1).*  Home Depot U.S.A., Inc. and Home Depot, Inc. are not citizens of Texas.

4.     Plaintiff's Original Petition names Home Depot International, Inc. f/k/a Home Depot of Texas, Inc. (hereinafter "Home Depot International").  Home Depot International is a citizen of Texas.  The citizenship of this Defendant should be disregarded for the purpose of determining jurisdiction under 28 U.S.C. §§ 1332 and 1441(b) on the grounds of fraudulent joinder.  Plaintiff joined Home Depot International as a Defendant solely for the purpose of defeating diversity jurisdiction.  Removal to this Court is appropriate where there is "no arguably reasonable basis for predicting that state law might impose liability on the resident defendants under the facts alleged." *Tedder v. FMC Corp.*, 590 F.2d 115, 117 (5th Cir. 1979).

5.     The Affidavit of Edwin Hamilton attached hereto in Appendix C-1 establishes the following:

> Throughout the years 2002, 2003, 2004 and 2005, Home Depot International, Inc. has operated as a stock-holding company that has officers and directors, but does not have any employees, other than one part-time employee whose duties are limited to the provision of administrative and bookkeeping services.  Home Depot International, Inc. is now, and between 2002 and the present, always has been a company separate and distinct from Home Depot U.S.A., Inc.  Further, there have not been any employees of Home Depot International, Inc. who have also been employees of Home Depot U.S.A., Inc.

> The Home Depot, Inc. and Home Depot International, Inc. do not now own or operate, nor have they ever owned or operated any store located at 2901 W. Wheatland Rd., Dallas, Dallas County, Texas 75237 (hereinafter "the store").  Likewise, The Home Depot, Inc. and Home Depot International, Inc. have never owned or had any real property interest in the land upon which the store is located.

Home Depot, Inc. and Home Depot International, Inc. play no role, and have never played any role, in the management or decision-making processes regarding operations of the store. Home Depot, Inc. and Home Depot International, Inc. have not participated in the promulgation or enforcement of policies and procedures for employees, store safety, storage of goods, or accident or loss prevention in the stores. Home Depot, Inc. and Home Depot International, Inc. have never had any control over or right to control how the store is laid out, maintained, operated or managed.

6.      There is no arguably reasonable basis for predicting that state law might impose liability on Home Depot International, Inc. under the facts alleged. Plaintiff has alleged a premises cause of action for premises neither owned nor operated by this Defendant. To the extent Plaintiff has alleged a general negligence claim (which is denied and, in fact, is itself fraudulent joinder as set forth below) it is against employees who are not employed by Home Depot International, Inc.

7.      Plaintiff's Original Petition also names as Defendants, Stuart Lazarus and Timothy Hoover, employees of Home Depot. Mr. Lazarus and Mr. Hoover are citizens of Texas. The citizenship of these Defendants should be disregarded for the purpose of determining jurisdiction under 28 U.S.C. §§ 1332 and 1441(b) on the ground of fraudulent joinder. Plaintiff joined Mr. Lazarus and Mr. Hoover as Defendants solely for the purpose of defeating diversity jurisdiction. Removal to this Court is appropriate where there is "no arguably reasonable basis for predicting that state law might impose liability on the resident defendants under the facts alleged." *Tedder v. FMC Corp.*, 590 F.2d 115, 117 (5th Cir. 1979).

8.      Texas law limits the circumstances in which an agent may be held liable to a third party:

a.      An agent may not be held liable on a contract where the agent was acting within the scope of his authority for a disclosed principal. *City of Houston v. First City*, 827 S.W.2d 462, 480 (Tex. App.—Houston [1st Dist.] 1991, writ denied).

      b.    An agent may not be held liable in tort unless he owed an independent duty to the plaintiff. *Leitch v. Hornsby*, 935 S.W.2d 114, 118 (Tex. 1996) (holding that an officer acting on the corporation's behalf may not be held individually liable unless he owed plaintiff an independent duty under the law.).

9.    Plaintiff's Original Petition and First Amended Original petition do not contradict, and, in fact, support diversity jurisdiction. The only individual and acts suggested by Plaintiff for Mr. Hoover or Mr. Lazarus that Plaintiff claims would give rise to individual liability are failure to properly train and failure to monitor/control but these are general allegations not individual and independent allegations. Texas jurisprudence limits the circumstances in which an agent may be held liable to a third party. The Texas Supreme Court case law shows a discernable, definite trend against recognizing individual liability on employees. *See Leitch v. Hornsby*, 935 S.W.2d 114, 118 (Tex. 1996) (holding that an officer acting on the corporation's behalf may not be held individually liable unless he owed plaintiff an independent duty under the law that is separate and apart from the corporate employer's duty); *Holloway v. Skinner,* 898 S.W.2d 793, 795 (Tex. 1995) ("As a general rule, the actions of a corporate agent on behalf of the corporation are deemed the corporation's acts"); *Maxey v. Citizens National Bank,* 507 S.W.2d 722 (Tex. 1974) ("A clear distinction has been made between individual liability as distinguished from that of the corporate employer."). See also *Palmer v. Wal-Mart Stores, Inc.,* 65 F.Supp.2d 564, 567 (S.D.Tex 1999) (corporate employees have no independent duty to furnish a safe workplace and, therefore, cannot be held personally liable for the corporation's failure to provide a safe workplace).

10.    Mr. Hoover was an Assistant Manager at the store at the time of the incident but his only involvement with the incident was investigation post-incident. Mr. Lazarus was not the store

manager at the time of the occurrence in question and, therefore, was not present or otherwise assigned to the store where the incident in question allegedly occurred when Plaintiff claims the incident in question occurred. *Please see the Affidavit of Timothy Hoover attached hereto in Appendix C-2 and the Affidavit of Stuart Lazarus attached hereto in Appendix C-3.*

11.    Because Mr. Hoover had no connection to the incident other than post-incident investigation, his citizenship is properly disregarded for the purpose of determining this Court's subject matter jurisdiction. Because Mr. Lazarus was neither present, nor otherwise had any connection to the store in question at the time of the alleged occurrence, his citizenship is properly disregarded for the purpose of determining this Court's subject matter jurisdiction. *Cavallini v. State Farm Mutual Auto Ins. Co.*, 44 F.3d 256, 261 (5th Cir. 1995)(holding that individual defendants were fraudulently joined where complaint failed to state a claim against them). *See also Rodriguez v. Sabatino*, 120 F.3d 589, 592 (5th Cir. 1997) (holding that individual defendants were fraudulently joined where complaint failed to state a claim against them); *Burden v. General Dynamics Corp.*, 60 F.3d 213, 217, 220-21 (5th Cir. 1995) (same); *LeJeune v. Shell Oil Co.*, 950 F.2d 267, 271 (5th Cir. 1992) (same); *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 553-54 (5th Cir. 1981) (same); *Tedder v. FMC Corp.*, 590 F.2d 115, 117 (5th Cir. 1979) (same); *Palmer v. Wal-Mart Stores, Inc.*, 65 F.Supp.2d 564, 567 (S.D. Tex. 1999) (same).

12.    Plaintiff's claims are against Home Depot. She may not divest this Court of jurisdiction merely by naming Home Depot employees as defendants, without a real or independent claim against those employees. If that were permissible, then every plaintiff could do this to avoid federal jurisdiction. This Court's jurisdiction "derives from article III of the Constitution, is defined by Congress, and is not subject to delimitation by . . . [the] post-hoc tactics of litigants." *De Aguilar v. Boeing Company*, 11 F.3d 55, 58 (5th Cir. 1993).

13.     When the fraudulently joined Defendants (Home Depot International, Mr. Hoover and Mr. Lazarus) are excluded, diversity exists in that Plaintiff is a citizen of Texas and Defendants Home Depot U.S.A., Inc. and Home Depot, Inc. are citizens of Delaware and Georgia.

14.     Plaintiff's First Amended Original Petition alleges that she intends to seek recovery of damages in an amount in excess of $75,000 exclusive of interests and costs.  (Plaintiff's First Amended Original Petition, Section III).  Clearly, the amount in controversy exceeds $75,000, exclusive of interest and costs.

15.     The Court has removal jurisdiction over this action pursuant to 28 U.S.C. §§ 1441 and 1446.

16.     Under 28 U.S.C. § 1441(a), venue of the removal action is proper in this Court as the district and division embracing Tarrant County, Texas, the place where the state action is pending.

17.     This Notice of Removal is filed timely, as thirty (30) days have not elapsed since Defendants were served with Plaintiff's First Amended Original Petition and this Notice of Removal is filed less than one year after the action was commenced.  All conditions and procedures for removal have been satisfied.  A filing fee of $350.00 is tendered herewith.

18.     All Defendants have joined in this removal.

19.     True and correct copies of the contents of the state court file in this matter and a docket sheet are attached and incorporated by reference for all purposes. *(Appendix A and B, respectively).* Additional papers may have been filed in state court prior to removal.  The removing parties will supplement the record, if necessary.

20.     Defendants have given prompt written notice of the filing of this Notice of Removal to all adverse parties and have filed a copy of the Notice of Removal with the Clerk of the 153rd Judicial District Court of Tarrant County, Texas as required by 28 U.S.C. § 1446(d).

21.    Plaintiff did not demand a jury in her Original Petition.

Accordingly, Defendants remove this action now pending in the 153rd Judicial District Court of Tarrant County, Texas to this Court.

Respectfully submitted,

Bernard R. Suchocki
State Bar No. 19458500
SUCHOCKI & CUMMINGS, P.C.
101 Summit Avenue, Suite 312
Fort Worth, Texas 76102
(817) 338-0088
(817) 338-0086 (fax)

ATTORNEY FOR DEFENDANTS

## CERTIFICATE OF SERVICE

The undersigned attorney for Home Depot U.S.A., Inc. certifies that, on May 10, 2006, a copy of the Notice of Removal in this action was filed with the 153rd Judicial District Court, Tarrant County, Texas, and that written notice of the filing of the Notice of Removal was mailed, via certified mail, to the party named above as Plaintiff in this action, by and through her attorney of record. Removal of this action is effective as of May 10, 2006 pursuant to 28 U.S.C. § 1446.

DATE:    May 10, 2006

Bernard R. Suchocki

# APPENDIX "A"

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **NANCY MCKINNEY** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO.** |
| | § | |
| **HOME DEPOT, USA, INC.** | § | _____ |
| **d/b/a THE HOME DEPOT;** | § | |
| **HOME DEPOT, INC.; HOME DEPOT** | § | |
| **INTERNATIONAL, INC. f/k/a HOME** | § | |
| **DEPOT OF TEXAS, INC.; TIMOTHY** | § | |
| **HOOVER AND STUART LAZARUS** | § | |
| | § | |
| **Defendants** | § | |

## INDEX OF DOCUMENTS FILED IN STATE COURT

| | | |
|---|---|---|
| 1. | Plaintiff's Original Petition | January 6, 2006 |
| 2. | Defendants' Original Answer | January 17, 2006 |
| 3. | Home Depot U.S.A., Inc., Defendant's<br>Special Exceptions to Plaintiff's Original Petition | January 27, 2006 |
| 4. | Defendants' Filing of Agreement Pursuant to Tex.R.Civ.P.11 | February 17, 2006 |
| 5. | Defendants' Filing of Agreement Pursuant to Tex.R.Civ.P.11 | February 24, 2006 |
| 6. | Order Granting Home Depot's Special Exceptions<br>to Plaintiff's Original Petition | May 3, 2006 |
| 7. | Plaintiff's First Amended Original Petition | May 9, 2006 |
| 8. | Docket Sheet | May 10, 2006 |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of this document has been served on each attorney of record, via regular mail, pursuant to FED. R. CIV. P. 5.

DATED:    May 10, 2006

Bernard R. Suchocki

CAUSE NO. **153 215682 06**

| | | |
|---|---|---|
| NANCY MCKINNEY | § | IN THE DISTRICT COURT OF |
| Plaintiff | § | |
| | § | |
| V. | § | |
| | § | |
| HOME DEPOT, USA, INC. | § | TARRANT COUNTY, TEXAS |
| d/b/a THE HOME DEPOT; | § | |
| HOME DEPOT, INC.; HOME DEPOT | § | |
| INTERNATIONAL, INC. f/k/a HOME | § | |
| DEPOT OF TEXAS, INC.; TIMOTHY | § | |
| HOOVER AND STUART LAZARUS | § | |
| | § | |
| Defendants | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES NANCY MCKINNEY, Plaintiff in the above entitled cause, complaining of and against Defendants, HOME DEPOT, USA, INC. d/b/a THE HOME DEPOT; HOME DEPOT, INC.; HOME DEPOT INTERNATIONAL, INC. f/k/a HOME DEPOT OF TEXAS, INC. (hereinafter collectively referred to as HOME DEPOT), TIMOTHY HOOVER and STUART LAZARUS for cause of action would respectfully show unto the Court the following:

**I.**
**DISCOVERY CONTROL PLAN**

1.1    Plaintiff requests that this case be given a Level 3 Discovery Control Plan.

**II.**
**PARTIES**

2.1    Plaintiff, NANCY MCKINNEY, is an individual who resides in Longview, Gregg County, Texas.

---

Plaintiff's Original Petition                                                                                   Page 1

2.2    Defendant, HOME DEPOT, USA, INC. d/b/a THE HOME DEPOT, is a  Delaware Corporation doing business in Texas. Process may be served on this Defendant by serving its Texas registered agent for service of process CT Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

2.3    Defendant, HOME DEPOT, INC., is a foreign corporation , qualified to do business in the State of Texas.  Process may be served on this Defendant by serving the Secretary of State for mailing to The Home Depot, Inc., 100 Paces West, 2727 Paces Ferry Road, Atlanta, Georgia 30339, by certified mail, return receipt requested, restricted delivery.

2.4    Defendant, HOME DEPOT INTERNATIONAL, INC. , f/k/a HOME DEPOT OF TEXAS, INC.  is a Delaware Corporation doing business in Texas and have listed with the Secretary of State that their principal place of business in Texas is 112 Bedford Road, Suite 116, Bedford, TX . Process may be served on this Defendant by serving its Texas registered agent for service of process CT Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

2.5    Defendant, TIMOTHY HOOVER is an individual who resides and may be served with process at 126 Squire Place, Red Oak, Texas 75154.

2.6    Defendant, STUART LAZARUS is an individual who resides and may be served with process at 1152 Maree. Dr., Waxahachie, TX 75165.

### III.
### JURSIDICTION AND VENUE

3.1    This suit is brought in accordance with the laws of the State of Texas, for the recovery of damages which are in excess of the minimal jurisdictional limits of this Court, to which Plaintiff is entitled to receive as compensation for the injuries described below.  Accordingly, the Court has

jurisdiction over this matter.

3.2     Venue is proper in Tarrant County, Texas, because Tarrant County was the County of

Defendant HOME DEPOT INTERNATIONAL, INC. , d/b/a HOME DEPOT OF TEXAS, INC'S

principal office in Texas  at the time the cause of action accrued.

## IV.
## ASSUMED NAMES

4.1     Pursuant to Rule 28 of the of the Texas Rules if Civil Procedure, Plaintiffs are suing any

partnership, unincorporated association, private corporation, or individual whose name contains

the words or who does business under or as  HOME DEPOT, USA,  HOME DEPOT

INTERNATIONAL,  HOME DEPOT AND/OR THE HOME DEPOT.

## V.
## FACTS

5.1     Plaintiff brings this suit to recover damages for personal injuries sustained by NANCY

MCKINNEY, on or about January 8, 2004 at Defendant Home Depot premises, located at 2901 W.

Wheatland Rd., Dallas, Dallas County, Texas 75237.  At the time of the occurrence, Plaintiff was

in the building owned, leased, and controlled by Defendant  "Home Depot".  At the time of the

incident made the basis of this suit, NANCY MCKINNEY was a regular customer of HOME

DEPOT. As Ms. McKinney was shopping, a large box filled with tubes of liquid nails weighing

approximately 30-50 pounds, fell from approximately six feet above landing on the top of her head.,

compressing her neck causing Plaintiff's injuries to her neck and spine.  Plaintiff asserts that this

occurrence was proximately caused by the negligence of Defendants in failing to maintain a safe

premises.  Additionally, it was caused by the negligent actions of Home Depot employees in

positioning the box and causing it to fall.

---

Plaintiff's Original Petition                                                                          Page 3

## VI.
## RESPONDEAT SUPERIOR

6.1    Plaintiff alleges that Defendants are responsible for the acts and/or omissions of its employees, agents, and servants under the Doctrine of Respondeat Superior. Under said Doctrine, Defendants are responsible for all damages resulting from the negligent acts and/or omissions of its employees, agents, and servants if said employees were acting within the course and scope of their employment.

6.2    At all times material hereto, all the agents, servants and employees of all of the Defendants connected to this suit were acting within the scope of their employment or official duties and in furtherance of the duties of their office or employment. Defendant Timothy Hoover was employed as an assistant store manager for Home Depot at the time. Defendant Stuart Lazarus was employed as a store manager for HOME DEPOT at the time.

## VII.
## INVITEE STATUS

7.1    At all times material hereto, Plaintiff was an invitee on the premises in question, having gone there within the course of Defendants' normal business, and was there for the mutual benefit of both NANCY MCKINNEYand the Defendants. Consequently, Plaintiff was an invitee to whom Defendant owed a duty to use ordinary care, including the duty to protect and safeguard Plaintiff from unreasonably dangerous conditions on the premises or to warn of their existence.

## VIII.
## NEGLIGENCE – HOME DEPOT

8.1    Defendant, HOME DEPOT , had control over the premises in question, and had a duty to exercise due care in maintaining the premises in a reasonably safe condition. However, said

---

Defendant failed to properly maintain a safe environment for its invitees.  Defendant's failure to correctly exercise care in supervising and safely maintaining the condition of their premises constitutes negligence, and such negligence was the proximate cause of the injuries NANCY MCKINNEY sustained.

8.2     Plaintiff alleges that, upon the occasion in question, Defendants failed to use ordinary care by various acts and omissions in at least the following ways:

      a.      failing to keep its premises reasonably safe for its invitees;

      b.      failing to warn its invitees of an unreasonably dangerous condition;

      c.      failing to take reasonable care in maintaining its premises;

      d.      failing to take reasonable care in hiring employees;

      e.      failing to take reasonable care in training employees;

      f.      failing to take reasonable care in monitoring employees;  and

      g.      failing to properly supervise the condition of their premises.

Each and all of the above stated acts and/or omissions constitutes negligence and the same are the proximate cause of the personal injuries sustained by Plaintiff.

## NEGLIGENCE - TIMOTHY HOOVER AND STUART LAZARUS

8.3     Defendants Hoover and Lazarus  were  negligent by failing to:

a.  properly train Home Depot employees to safely position boxes so that they do not fall on customers; and

b.  properly monitor and control Home Depot employees' actions so that customers are not endangered.

## IX.
## DAMAGES

9.1     As a result of the incident described above, Plaintiff has suffered severe personal injuries including physical pain, mental anguish, permanent bodily impairment, loss of earning capacity, and loss of enjoyment of life and will, with reasonable probability, continue to do so in the future by reason of the nature and severity of her injuries. Plaintiff has been caused to incur medical expenses and lost wages in the past and will, with reasonable probability, continue to incur medical expenses and lost wages in the future.

## X
## PRAYER

WHEREFORE, Plaintiff respectfully requests that each Defendant be duly cited to appear and answer herein, and that, upon final trial of this cause, Plaintiff recover judgment against the Defendants for Plaintiff's damages; for costs of court; for pre-judgment and post-judgment interest, as provided by law; and for such other further relief, both general and special, at law or in equity, to which she may show herself justly entitled.

Respectfully submitted,

NOTEBOOM- THE LAW FIRM
669 Airport Freeway, Suite 100
Hurst, Texas 76053
Phone: 817-282-9700
Fax: 817-282-8073

*Mike Freden*

Charles M. Noteboom
State Bar No. 15116875
Mike Freden
State Bar No. 07412050

---

Plaintiff's Original Petition                                                    Page 6

CAUSE NO. 153-215682-06

| | | |
|---|---|---|
| NANCY MCKINNEY | § | IN THE DISTRICT COURT |
|     Plaintiff | § | |
| | § | |
| V. | § | TARRANT COUNTY, TEXAS |
| | § | |
| HOME DEPOT U.S.A., INC. | § | |
| d/b/a THE HOME DEPOT; | § | |
| HOME DEPOT, INC.; HOME DEPOT | § | |
| INTERNATIONAL, INC. f/k/a HOME | § | |
| DEPOT OF TEXAS, INC.; TIMOTHY | § | |
| HOOVER AND STUART LAZARUS | § | |
|     Defendants | § | 153RD JUCICIAL DISTRICT |

## DEFENDANTS' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, **HOME DEPOT U.S.A., INC. d/b/a THE HOME DEPOT, HOME DEPOT, INC., HOME DEPOT INTERNATIONAL, INC. f/k/a HOME DEPOT OF TEXAS, INC., TIMOTHY HOOVER AND STUART LAZARUS**, Defendants herein, and file this ·Original Answer and would respectfully show the Court as follows:

### I.

Pursuant to TEX. R. CIV. P. 92, all Defendants hereby enter this general denial and demand strict proof of each and every allegation in Plaintiff's Original Petition by a preponderance of the ·credible evidence as required by the laws and constitution of the State of Texas.

### II.

For further answer, Defendants Home Depot Inc. and Home Depot International, Inc. f/k/a Home Depot of Texas, Inc., would show that they are improper parties and are erroneously joined in this lawsuit.

WHEREFORE, PREMISES CONSIDERED, **HOME DEPOT U.S.A., INC. d/b/a THE HOME DEPOT, HOME DEPOT, INC., HOME DEPOT INTERNATIONAL, INC. f/k/a HOME DEPOT OF TEXAS, INC., TIMOTHY HOOVER AND STUART LAZARUS,** Defendants, respectfully request that Plaintiff take nothing by her cause of action and that Defendants go hence without day with their costs and for such other relief, both at law and in equity, to which they may show themselves justly entitled.

Respectfully submitted,

SUCHOCKI & CUMMINGS, P.C.
One Summit Avenue, Suite 312
Fort Worth, Texas 76102
(817) 338-0088
(817) 338-0086 (fax)

By: _____
Bernard R. Suchocki
State Bar No. 19458500

ATTORNEY FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document has been mailed to each attorney of record, pursuant to TEX. R. CIV. P. 21 and 21a.

DATED: January 17, 2006

_____
Bernard R. Suchocki

CAUSE NO. 153-215682-06

| | | |
|---|---|---|
| NANCY MCKINNEY | § | IN THE DISTRICT COURT OF |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **V.** | § | |
| | § | |
| HOME DEPOT, USA, INC. | § | TARRANT COUNTY, TEXAS |
| d/b/a THE HOME DEPOT; | § | |
| HOME DEPOT, INC.; HOME DEPOT | § | |
| INTERNATIONAL, INC. f/k/a HOME | § | |
| DEPOT OF TEXAS, INC.; TIMOTHY | § | |
| HOOVER AND STUART LAZARUS | § | |
| | § | |
| **Defendants** | § | 153RD JUDICIAL DISTRICT |

## HOME DEPOT U.S.A., INC., DEFENDANT'S SPECIAL EXCEPTIONS TO PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **HOME DEPOT U.S.A., INC.**, Defendant herein, and files this its Special Exceptions to Plaintiff's Original Petition and would respectfully show the Court as follows:

### I.

Defendant specially excepts to Plaintiff's Original Petition as a whole in that it fails to specify a maximum amount of damages sought. Pursuant to TEX. R. CIV. P. 47, Defendant requests that Plaintiff be ordered to replead and specify the maximum amount of damages sought in order for Defendant to properly prepare its defense at trial.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, **HOME DEPOT U.S.A., INC.**, Defendant, prays that the Court grant its Special Exceptions, strike the pleading set forth above, and allow Plaintiff a reasonable time in which to amend her pleading. Defendant further prays for such and other relief to which it may be justly entitled.

Respectfully submitted,

SUCHOCKI & CUMMINGS, P.C.
One Summit Avenue, Suite 312
Fort Worth, Texas 76102
(817) 338-0088
(817) 338-0086 (fax)


By: _____
      Bernard R. Suchocki
      State Bar No. 19458500

ATTORNEY FOR DEFENDANT
HOME DEPOT U.S.A., INC.


## CERTIFICATE OF CONFERENCE

On January 20, 2006, correspondence was sent to Mike Freden, attorney for the Plaintiff, regarding these Special Exceptions. On January 27, 2006, a conference was attempted with Mike Freden and a message left at his office. No response having been received to either the correspondence or verbal message, it is presumed that no agreement can be reached regarding these Special Exceptions; therefore, they are presented to the Court for determination.


_____
Bernard R. Suchocki


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document has been mailed to each attorney of record, pursuant to TEX. R. CIV. P. 21 and 21a.

DATED: January 27, 2006

_____
Bernard R. Suchocki

CAUSE NO. 153-215682-06

| | | |
|---|---|---|
| NANCY MCKINNEY | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff | § | |
| | § | |
| V. | § | |
| | § | |
| HOME DEPOT, USA, INC. | § | TARRANT COUNTY, TEXAS |
| d/b/a THE HOME DEPOT; | § | |
| HOME DEPOT, INC.; HOME DEPOT | § | |
| INTERNATIONAL, INC. f/k/a HOME | § | |
| DEPOT OF TEXAS, INC.; TIMOTHY | § | |
| HOOVER AND STUART LAZARUS | § | |
| | § | |
| Defendants | § | 153RD JUDICIAL DISTRICT |

**DEFENDANTS' FILING OF AGREEMENT
PURSUANT TO TEX.R.CIV.P. 11**

COME NOW, **HOME DEPOT U.S.A., INC. d/b/a THE HOME DEPOT, HOME DEPOT, INC., HOME DEPOT INTERNATIONAL, INC. f/k/a HOME DEPOT OF TEXAS, INC., TIMOTHY HOOVER AND STUART LAZARUS,** Defendants in the above-styled and numbered cause and file the following agreement attached hereto as Exhibit "A," in accordance with the Texas Rules of Civil Procedure.

Respectfully submitted,

SUCHOCKI & CUMMINGS, P.C.
One Summit Avenue, Suite 312
Fort Worth, Texas 76102
(817) 338-0088
(817) 338-0086 (fax)

By _____
Bernard R. Suchocki
State Bar No. 19458500

ATTORNEY FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document has been mailed to each attorney of record, pursuant to Texas Rules of Civil Procedure 21 and 21a.

DATED:    February 17, 2006

_____
Bernard R. Suchocki

# EXHIBIT "A"

02/17/2006  07:41   8172828020                                                     PAGE 02/03
Sent By: SUCHOCKI, BULLARD & CUMMINGS, PC;8173380080;            Feb-16-06  3:59PM;        Page 2/3

# SUCHOCKI & CUMMINGS, P.C.

### ATTORNEYS AND COUNSELORS AT LAW
### ONE SUMMIT AVENUE, SUITE 312
### FORT WORTH, TEXAS 76102
TELEPHONE (817) 338-0088
TELECOPIER (817) 338-0086

BERNARD R. SUCHOCKI
Board Certified – Personal Injury Trial Law
Texas Board of Legal Specialization

Email suchocki@txlegal.com

February 16, 2006

**_VIA FAX ONLY_**

Mr. Mike Freden
NOTEBOOM – THE LAW FIRM
669 Airport Freeway, Suite 100
Hurst, Texas 76053

> **Re:** **Nancy McKinney v. Home Depot U.S.A., Inc. d/b/a The Home Depot; Home Depot, Inc.; Home Depot International, Inc. f/k/a Home Depot of Texas, Inc.; Timothy Hoover and Stuart Lazarus; Cause No. 153-215682-06**

Dear Mr. Freden:

Please allow this correspondence to confirm the communications between our offices that you have agreed to grant Defendants a one-week extension to object and/or respond to the following discovery requests propounded by Plaintiff Nancy McKinney:

1) Plaintiff's First Set of Interrogatories to Defendant Home Depot U.S.A., Inc.;
2) Plaintiff's First Request for Production to Defendant Home Depot U.S.A., Inc.;
3) Plaintiff's Request for Disclosure to Defendant Home Depot U.S.A., Inc.;

4) Plaintiff's First Set of Interrogatories to Defendant Home Depot, Inc.;
5) Plaintiff's First Request for Production to Defendant Home Depot, Inc.;
6) Plaintiff's Request for Disclosure to Defendant Home Depot, Inc.;

7) Plaintiff's First Set of Interrogatories to Defendant Home Depot International, Inc. f/k/a Home Depot of Texas, Inc.;
8) Plaintiff's First Request for Production to Defendant Home Depot International, Inc. f/k/a Home Depot of Texas, Inc.;
9) Plaintiff's Request for Disclosure to Defendant Home Depot International, Inc. f/k/a Home Depot of Texas, Inc.;

10) Plaintiff's Request for Disclosure to Defendant Timothy Hoover; and,
11) Plaintiff's Request for Disclosure to Defendant Stuart Lazarus.

Therefore, Defendants' answers and/or objections to the above-referenced discovery requests will now be due on Friday, February 24, 2006.

2

Mr. Mike Freden
February 16, 2006
Page 2


This will also confirm that Plaintiff's responses and/or objections to the following discovery requests will now be due on or before <u>Monday February 27, 2006</u>:

(1)   Home Depot U.S.A., Inc., Defendant's First Set of Interrogatories to Plaintiff;
(2)   Defendants' First Request for Production to Plaintiff;
(3)   Defendants' First Request for Admissions to Plaintiff; and,
(4)   Home Depot U.S.A., Inc., Defendant's Request for Disclosure to Plaintiff.

If this letter accurately reflects our agreement, please sign in the space provided below and fax this letter back to our office.

Thank you for your cooperation in this matter.

Very truly yours,

SUCHOCKI & CUMMINGS, P.C.

Bernard R. Suchocki

BRS:ch

AGREED

By: _Mike Freden_____
Mike Freden, Attorney for Plaintiff

CAUSE NO. 153-215682-06

| | | |
|---|---|---|
| **NANCY MCKINNEY** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **V.** | § | |
| | § | |
| **HOME DEPOT, USA, INC.** | § | **TARRANT COUNTY, TEXAS** |
| **d/b/a THE HOME DEPOT;** | § | |
| **HOME DEPOT, INC.; HOME DEPOT** | § | |
| **INTERNATIONAL, INC. f/k/a HOME** | § | |
| **DEPOT OF TEXAS, INC.; TIMOTHY** | § | |
| **HOOVER AND STUART LAZARUS** | § | |
| | § | |
| **Defendants** | § | **153RD JUDICIAL DISTRICT** |

## DEFENDANTS' FILING OF AGREEMENT
## PURSUANT TO TEX.R.CIV.P. 11

COME NOW, **HOME DEPOT U.S.A., INC. d/b/a THE HOME DEPOT, HOME DEPOT, INC., HOME DEPOT INTERNATIONAL, INC. f/k/a HOME DEPOT OF TEXAS, INC., TIMOTHY HOOVER AND STUART LAZARUS**, Defendants in the above-styled and numbered cause and file the following agreement attached hereto as Exhibit "A," in accordance with the Texas Rules of Civil Procedure.

Respectfully submitted,

SUCHOCKI & CUMMINGS, P.C.
One Summit Avenue, Suite 312
Fort Worth, Texas 76102
(817) 338-0088
(817) 338-0086 (fax)

By _____
Bernard R. Suchocki
State Bar No. 19458500

ATTORNEY FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document has been mailed to each attorney of record, pursuant to Texas Rules of Civil Procedure 21 and 21a.

DATED: February 24, 2006

Bernard R. Suchocki

# EXHIBIT "A"

02/24/2006  10:58    8172828073    NOTEBOOM THE LAW FIM    PAGE  02/03

Case 4:06-cv-00327-␣␣ Document 1   Filed 05/11/06   Page 29 of 52  PageID 29
Sent By: SUCHOCKI, BULLARD & CUMMINGS, PC;8173380086;    Feb-24-06 10:10AM;    Page 2/3

# SUCHOCKI & CUMMINGS, P.C.

### ATTORNEYS AND COUNSELORS AT LAW
ONE SUMMIT AVENUE, SUITE 312
FORT WORTH, TEXAS 76102
TELEPHONE (817) 338-0088
TELECOPIER (817) 338-0086

BERNARD R. SUCHOCKI
Board Certified – Personal Injury Trial Law
Texas Board of Legal Specialization

Email suchocki@bdlegal.com

February 24, 2006

### *VIA FAX ONLY*

Mr. Mike Freden
NOTEBOOM – THE LAW FIRM
669 Airport Freeway, Suite 100
Hurst, Texas 76053

> Re:  Nancy McKinney v. Home Depot U.S.A., Inc. d/b/a The Home Depot; Home Depot, Inc.; Home Depot International, Inc. f/k/a Home Depot of Texas, Inc.; Timothy Hoover and Stuart Lazarus; Cause No. 153-215682-06

Dear Mr. Freden:

   Please allow this correspondence to confirm that you have agreed to grant Defendants a one week extension to object and/or respond to the following discovery requests propounded by Plaintiff:

1) Plaintiff's First Set of Interrogatories to Defendant Home Depot U.S.A., Inc.;
2) Plaintiff's First Request for Production to Defendant Home Depot U.S.A., Inc.;
3) Plaintiff's Request for Disclosure to Defendant Home Depot U.S.A., Inc.;

4) Plaintiff's First Set of Interrogatories to Defendant Home Depot, Inc.;
5) Plaintiff's First Request for Production to Defendant Home Depot, Inc.;
6) Plaintiff's Request for Disclosure to Defendant Home Depot, Inc.;

7) Plaintiff's First Set of Interrogatories to Defendant Home Depot International, Inc. f/k/a Home Depot of Texas, Inc.;
8) Plaintiff's First Request for Production to Defendant Home Depot International, Inc. f/k/a Home Depot of Texas, Inc.;
9) Plaintiff's Request for Disclosure to Defendant Home Depot International, Inc. f/k/a Home Depot of Texas, Inc.;

10) Plaintiff's Request for Disclosure to Defendant Timothy Hoover; and,
11) Plaintiff's Request for Disclosure to Defendant Stuart Lazarus.

   Therefore, Defendants' answers and/or objections to the above-referenced discovery requests will now be due on **Friday, March 3, 2006.**

Mr. Mike Freden
February 24, 2006
Page 2

This will also confirm that Defendants have agreed to grant Plaintiff a one week extension to answer and/or object to the following discovery requests:

(1)   Home Depot U.S.A., Inc., Defendant's First Set of Interrogatories to Plaintiff;
(2)   Defendants' First Request for Production to Plaintiff;
(3)   Defendants' First Request for Admissions to Plaintiff; and,
(4)   Home Depot U.S.A., Inc., Defendant's Request for Disclosure to Plaintiff.

Therefore, Plaintiffs' answers and/or objections to the above-referenced discovery requests will now be due on **Monday, March 6, 2006.**

If this letter accurately reflects our agreement, please sign in the space provided below and fax this letter back to our office.

Thank you for your cooperation in this matter.

Very truly yours,

SUCHOCKI & CUMMINGS, P.C.

Bernard R. Suchocki

BRS:kr

AGREED

By: _____
        Mike Freden, Attorney for Plaintiff

CAUSE NO. 153-215682-06     **COPY**

| | | |
|---|---|---|
| NANCY MCKINNEY | § | IN THE DISTRICT COURT OF |
| | § | |
| **Plaintiff** | § | |
| | § | |
| V. | § | |
| | § | |
| HOME DEPOT, USA, INC. | § | TARRANT COUNTY, TEXAS |
| d/b/a THE HOME DEPOT; | § | |
| HOME DEPOT, INC.; HOME DEPOT | § | |
| INTERNATIONAL, INC. f/k/a HOME | § | |
| DEPOT OF TEXAS, INC.; TIMOTHY | § | |
| HOOVER AND STUART LAZARUS | § | |
| | § | |
| **Defendants** | § | 153RD JUDICIAL DISTRICT |

### ORDER

ON this 3rd day of ____ мм ____, 2006, came on to be heard **HOME DEPOT U.S.A., INC.,** Defendant's Special Exceptions to Plaintiff's Original Petition and the Court, after having considered the special exceptions, is of the opinion that the same should be granted;

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that **HOME DEPOT U.S.A., INC.,** Defendant's Special Exceptions to Plaintiff's Original Petition is hereby granted;

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Plaintiff **NANCY MCKINNEY** is hereby ordered to re-plead in accordance with said Special Exceptions. *by May 12, 2006* *and plead whether the amount in controversy exceeds 75,00*

SIGNED this 3d day of _____ May _____, 2006.

_____
JUDGE PRESIDING

CAUSE NO. 153-215682-06

| | | |
|---|---|---|
| NANCY MCKINNEY | § | IN THE DISTRICT COURT OF |
|    Plaintiff | § | |
| | § | |
| V. | § | |
| | § | |
| HOME DEPOT, USA, INC. | § | TARRANT COUNTY, TEXAS |
| d/b/a THE HOME DEPOT; | § | |
| HOME DEPOT, INC.; HOME DEPOT | § | |
| INTERNATIONAL, INC. f/k/a HOME | § | |
| DEPOT OF TEXAS, INC.; TIMOTHY | § | |
| HOOVER AND STUART LAZARUS | § | |
| | § | |
|    Defendants | § | 153rd JUDICIAL DISTRICT |

## PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES NANCY MCKINNEY, Plaintiff in the above entitled cause, complaining of and against Defendants, HOME DEPOT, USA, INC. d/b/a THE HOME DEPOT; HOME DEPOT, INC.; HOME DEPOT INTERNATIONAL, INC. f/k/a HOME DEPOT OF TEXAS, INC. (hereinafter collectively referred to as HOME DEPOT), TIMOTHY HOOVER and STUART LAZARUS for cause of action would respectfully show unto the Court the following:

### I.
### DISCOVERY CONTROL PLAN

1.1    Plaintiff requests that this case be given a Level 3 Discovery Control Plan.

### II.
### PARTIES

2.1    Plaintiff, NANCY MCKINNEY, is an individual who resides in Longview, Gregg County, Texas.

---

Plaintiff's First Amended Original Petition                                                                                    Page 1

2.2     Defendant, HOME DEPOT, USA, INC. d/b/a THE HOME DEPOT, is a   Delaware Corporation doing business in Texas.  Defendant has answered and appeared before this Court by and through their attorney of record Bernard Suchocki , Scott Cummings, Suchocki & Cummings, P.C., One Summit Avenue, Suite 312, Fort Worth, TX 76102.

2.3     Defendant, HOME DEPOT, INC., is a foreign corporation , qualified to do business in the State of Texas.  Defendant has answered and appeared before this Court by and through their attorney of record Bernard Suchocki , Scott Cummings, Suchocki & Cummings, P.C., One Summit Avenue, Suite 312, Fort Worth, TX 76102

2.4     Defendant, HOME DEPOT INTERNATIONAL, INC. , f/k/a HOME DEPOT OF TEXAS, INC. is a Delaware Corporation doing business in Texas and have listed with the Secretary of State that their principal place of business in Texas is 112 Bedford Road, Suite 116, Bedford, TX .  Defendant has answered and appeared before this Court by and through their attorney of record Bernard Suchocki , Scott Cummings, Suchocki & Cummings, P.C., One Summit Avenue, Suite 312, Fort Worth, TX 76102.

2.5     Defendant, TIMOTHY HOOVER has answered and appeared before this Court by and through his attorney of record Bernard Suchocki , Scott Cummings, Suchocki & Cummings, P.C., One Summit Avenue, Suite 312, Fort Worth, TX 76102

2.6     Defendant, STUART LAZARUS has answered and appeared before this Court by and through his  attorney of record Bernard Suchocki , Scott Cummings, Suchocki & Cummings, P.C., One Summit Avenue, Suite 312, Fort Worth, TX 76102.

## III.
## JURSIDICTION AND VENUE

3.1    This suit is brought in accordance with the laws of the State of Texas, for the recovery of

damages which exceed $75,000.00, exclusive of costs, interest and attorney fees, to which Plaintiff

is entitled to receive as compensation for the injuries described below. Accordingly, the Court has

jurisdiction over this matter.

3.2    Venue is proper in Tarrant County, Texas, because Tarrant County was the County of

Defendant HOME DEPOT INTERNATIONAL, INC. , d/b/a HOME DEPOT OF TEXAS, INC'S

principal office in Texas  at the time the cause of action accrued.

## IV.
## ASSUMED NAMES

4.1    Pursuant to Rule 28 of the of the Texas Rules if Civil Procedure, Plaintiffs are suing any

partnership, unincorporated association, private corporation, or individual whose name contains the

words  or  who  does  business  under  or  as    HOME  DEPOT,  USA,    HOME  DEPOT

INTERNATIONAL,  HOME DEPOT AND/OR THE HOME DEPOT.

## V.
## FACTS

5.1    Plaintiff brings this suit to recover damages for personal injuries sustained by NANCY

MCKINNEY, on or about January 8, 2004 at Defendant Home Depot premises, located at 2901 W.

Wheatland Rd., Dallas, Dallas County, Texas 75237. At the time of the occurrence, Plaintiff was

in the building owned, leased, and controlled by Defendant  "Home Depot". At the time of the

incident made the basis of this suit, NANCY MCKINNEY was a regular customer of HOME

---

Plaintiff's First Amended Original Petition                                          Page 3

DEPOT. As Ms. McKinney was shopping, a large box filled with tubes of liquid nails weighing approximately 30-50 pounds, fell from approximately six feet above landing on the top of her head., compressing her neck causing Plaintiff's injuries to her neck and spine. Plaintiff asserts that this occurrence was proximately caused by the negligence of Defendants in failing to maintain a safe premises. Additionally, it was caused by the negligent actions of Home Depot employees in positioning the box and causing it to fall.

## VI.
## RESPONDEAT SUPERIOR

6.1    Plaintiff alleges that Defendants are responsible for the acts and/or omissions of its employees, agents, and servants under the Doctrine of Respondeat Superior. Under said Doctrine, Defendants are responsible for all damages resulting from the negligent acts and/or omissions of its employees, agents, and servants if said employees were acting within the course and scope of their employment.

6.2    At all times material hereto, all the agents, servants and employees of all of the Defendants connected to this suit were acting within the scope of their employment or official duties and in furtherance of the duties of their office or employment. Defendant Timothy Hoover was employed as an assistant store manager for Home Depot at the time. Defendant Stuart Lazarus was employed as a store manager for HOME DEPOT at the time.

## VII.
## INVITEE STATUS

7.1    At all times material hereto, Plaintiff was an invitee on the premises in question, having gone

Plaintiff's First Amended Original Petition                                    Page 4

there within the course of Defendants' normal business, and was there for the mutual benefit of both NANCY MCKINNEY and the Defendants.   Consequently, Plaintiff was an invitee to whom Defendant owed a duty to use ordinary care, including the duty to protect and safeguard Plaintiff from unreasonably dangerous conditions on the premises or to warn of their existence.

## VIII.
## NEGLIGENCE – HOME DEPOT

8.1     Defendant, HOME DEPOT , had control over the premises in question, and had a duty to exercise due care in maintaining the premises in a reasonably safe condition.   However, said Defendant failed to properly maintain a safe environment for its invitees.   Defendant's failure to correctly exercise care in supervising and safely maintaining the condition of their premises constitutes negligence, and such negligence was the proximate cause of the injuries NANCY MCKINNEY sustained.

8.2     Plaintiff alleges that, upon the occasion in question, Defendants failed to use ordinary care by various acts and omissions in at least the following ways:

    a.      failing to keep its premises reasonably safe for its invitees;

    b.      failing to warn its invitees of an unreasonably dangerous condition;

    c.      failing to take reasonable care in maintaining its premises;

    d.      failing to take reasonable care in hiring employees;

    e.      failing to take reasonable care in training employees;

    f.      failing to take reasonable care in monitoring employees;  and

    g.      failing to properly supervise the condition of their premises.

Each and all of the above stated acts and/or omissions constitutes negligence and the

same are the proximate cause of the personal injuries sustained by Plaintiff.

### NEGLIGENCE - TIMOTHY HOOVER AND STUART LAZARUS

8.3     Defendants Hoover and Lazarus were negligent by failing to:

a.  properly train Home Depot employees to safely position boxes so that they do not fall on customers; and

b.  properly monitor and control Home Depot employees' actions so that customers are not endangered.

### IX.
### DAMAGES

9.1     As a result of the incident described above, Plaintiff has suffered severe personal injuries including physical pain, mental anguish, permanent bodily impairment, loss of earning capacity, and loss of enjoyment of life and will, with reasonable probability, continue to do so in the future by reason of the nature and severity of her injuries. Plaintiff has been caused to incur medical expenses and lost wages in the past and will, with reasonable probability, continue to incur medical expenses and lost wages in the future.

### X
### PRAYER

WHEREFORE, Plaintiff respectfully requests that each Defendant be duly cited to appear and answer herein, and that, upon final trial of this cause, Plaintiff recover judgment against the Defendants for Plaintiff's damages; for costs of court; for pre-judgment and post-judgment interest,

as provided by law; and for such other further relief, both general and special, at law or in equity, to which she may show herself justly entitled.

Respectfully submitted,

NOTEBOOM- THE LAW FIRM
669 Airport Freeway, Suite 100
Hurst, Texas 76053
Phone: 817-282-9700
Fax: 817-282-8073

*Mike Freden*

Charles M. Noteboom
State Bar No. 15116875
Mike Freden
State Bar No. 07412050

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing document has been served on all counsel of record on this the _9_ day of May, 2006 in accordance with the Texas Rules of Civil Procedure.

| | |
|---|---|
| Bernard Suchocki | Via First Class Mail |
| Scott Cummings | And Fax: 817/338-0086 |
| Suchocki & Cummings, P.C. | |
| One Summit Avenue, Suite 312 | |
| Fort Worth, TX 76102 | |

*Mike Freden*

Mike Freden

---

Plaintiff's First Amended Original Petition                              Page 7

# Civil Docket

Discovery: 3

153-215682-06

Cause of Action: PERSONAL INJURY (NO MTR VEH INVOLVED)

| NAMES OF PARTIES | ATTORNEYS |
|---|---|
| Date Filed 01/06/2006 | |
| NANCY MCKINNEY | FREDEN, MICHAEL C 669 AIRPORT FWY, STE 100 |
| vs. | HURST, TX 76053 BarID: 07412050TX    Ph (817)282-9700 NOTEBOOM THE LAW FIRM    PLTF |
| Jury Fee $ | |
| Paid By | Bernard R. Buchele Burlington Hds, Ste.312 Ft Worth, Tx 76112 817-338-0088 |
| HOME DEPOT, USA, INC., ET AL | |

A CERTIFIED COPY
ATTEST: THOMAS A. WILDER,
DISTRICT CLERK,
TARRANT COUNTY, TEXAS
BY: _____ DEPUTY

| Date of Orders | ORDERS OF COURT | Was Steno Used? |
|---|---|---|
| 5-1-06 | [handwritten order] | |

153-215682-06

# APPENDIX "B"

153-215682-06

# Civil Docket          Discovery: 3

Cause of Action: PERSONAL INJURY (NO MTR VEH INVOLVED)

| NAMES OF PARTIES | ATTORNEYS |
|---|---|
| NANCY MCKINNEY | FREDEN, MICHAEL C |
| | 669 AIRPORT FWY, STE 100 |
| | HURST, TX 76053 |
| vs. | BarID: 07412050TX   Ph (817)282-9700   PLTF |
| | NOTEBOOM THE LAW FIRM |
| HOME DEPOT, USA, INC., ET AL | Kenneth R. Luchetti |
| | One Summit Ave., Ste. 312 |
| | Ft Worth, TX 76102 |
| | 817-338-0088 |

| Date Filed | |
|---|---|
| 01/06/2006 | |

Jury

Fee $

Paid

By

A CERTIFIED COPY
ATTEST:  THOMAS A. WILDER
DISTRICT CLERK,
TARRANT COUNTY, TEXAS

BY: _____ DEPUTY

---

ORDERS OF COURT                                      Was Steno Used?

Date of Orders

5-3-06   Def's in motion to ... ...

153-215682-06

# APPENDIX "C-1"

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | | |
|---|---|---|
| NANCY MCKINNEY | § | |
| Plaintiff | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. |
| | § | |
| HOME DEPOT U.S.A., INC. | § | _____ |
| d/b/a THE HOME DEPOT; | § | |
| HOME DEPOT, INC.; HOME DEPOT | § | |
| INTERNATIONAL, INC. f/k/a HOME | § | |
| DEPOT OF TEXAS, INC.; TIMOTHY | § | |
| HOOVER AND STUART LAZARUS | § | |
| Defendants | § | |

---

**STATE OF GEORGIA** :

**COUNTY OF COBB** :

Now comes Edwin L. Hamilton, being first duly sworn, upon his oath deposed and stated:

1. My name is Edwin L. Hamilton. I am over the age of eighteen (18) years and have no personal disabilities that would prevent me from giving this Affidavit. I have personal knowledge of the facts stated in the following paragraphs of this Affidavit, and they are true and correct.

2. At all times since October 2002, I have been employed by Home Depot U.S.A., Inc. as corporate counsel. Home Depot U.S.A., Inc. is now, and during the course of my employment with it has been, a company separate and apart from the Home Depot, Inc. and Home Depot International, Inc.

3. Home Depot, Inc. is a publicly traded Delaware Corporation that is a separate and distinct entity from Home Depot U.S.A., Inc. Throughout the years 2002, 2003, 2004 and 2005, Home Depot International, Inc. has operated as a stock-holding company that has officers and directors, but does not have any employees, other than one part-time employee whose duties are limited to the provision of administrative and bookkeeping services. Home Depot International, Inc. is now, and between 2002 and the present, always has been a company separate and distinct from Home Depot U.S.A., Inc. Further, there have not been any employees of Home Depot International, Inc. who have also been employees of Home Depot U.S.A., Inc.

4. Home Depot U.S.A., Inc. is the correct corporate entity that operates various Home Depot stores in the State of Texas.

5. At all times since it opened, Home Depot U.S.A., Inc. was the owner and operator of the store doing business as "Home Depot" located at 2901 W. Wheatland Rd., Dallas, Dallas County, Texas 75237. Home Depot, Inc. and Home Depot International, Inc. do not operate any stores in Texas. Home Depot Inc. and Home Depot International Inc. do not operate a store at the stated address.

6. The Home Depot, Inc. and Home Depot International, Inc. do not now own or operate, nor have they ever owned or operated any store located at 2901 W. Wheatland Rd., Dallas, Dallas County, Texas 75237 (hereinafter "the store"). Likewise, The Home Depot, Inc. and Home Depot International, Inc. have never owned or had any real property interest in the land upon which the store is located. Home Depot U.S.A., Inc has always operated the store at 2901 W. Wheatland Rd., Dallas, Dallas County, Texas 75237.

7. Home Depot, Inc. and Home Depot International Inc. play no role, and have never played any role, in the management or decision-making processes regarding operations of the store. Home Depot, Inc. and Home Depot International Inc. have not participated in the promulgation or enforcement of policies and procedures for employees, store safety, storage of goods, or accident or loss prevention in the stores. Home Depot, Inc. and Home Depot International Inc. have never had any control over or right to control how the store is laid out, maintained, operated or managed. Additionally, Home Depot, Inc. and Home Depot International Inc. have not attempted to exercise any control over the stocking of products or displays at the store, nor have either entity ever had any authority to make any attempt to exercise such control.

8. Since the time that the store at 2901 W. Wheatland Rd., Dallas, Dallas County, Texas 75237 has opened, all persons who worked at the store did so as employees of Home Depot U.S.A., Inc., and not Home Depot, Inc. or Home Depot International, Inc. At all times since the store at 2901 W. Wheatland Rd., Dallas, Dallas County, Texas 75237 opened, the payroll checks showed Home Depot U.S.A., Inc. as the payor, and the funding on such checks was from accounts of Home Depot U.S.A., Inc. and at no time ever came from Home Depot, Inc.

AFFIANT FURTHER SAYETH NAUGHT.

EDWIN L. HAMILTON

Sworn to and subscribed before me this _____30th_____ day of January 2006.

Notary Public

# APPENDIX "C-2"

CAUSE NO. 153-215682-06

| NANCY MCKINNEY | § | IN THE DISTRICT COURT OF |
|---|---|---|
| | § | |
| **Plaintiff** | § | |
| | § | |
| V. | § | |
| | § | |
| HOME DEPOT, USA, INC. | § | TARRANT COUNTY, TEXAS |
| d/b/a THE HOME DEPOT; | § | |
| HOME DEPOT, INC.; HOME DEPOT | § | |
| INTERNATIONAL, INC. f/k/a HOME | § | |
| DEPOT OF TEXAS, INC.; TIMOTHY | § | |
| HOOVER AND STUART LAZARUS | § | |
| | § | |
| **Defendants** | § | 153RD JUDICIAL DISTRICT |

## AFFIDAVIT

| STATE OF TEXAS | § |
|---|---|
| | § |
| COUNTY OF DALLAS | § |

BEFORE ME, the undersigned authority, on this day personally appeared **TIMOTHY HOOVER**, who being duly sworn on his oath stated the following:

"My name is Timothy Hoover. I am over 18 years of age, of sound mind, capable of making this Affidavit, and personally acquainted with the facts herein stated. I have never been convicted of a felony or a crime involving turpitude.

On January 8, 2004, I was an assistant store manager at the Home Depot store #0552 located at 2901 West Wheatland Road, Dallas, Dallas County, Texas 75237. I was on duty at the time that the incident made the basis of this suit allegedly occurred and, subsequently, investigated the incident.

Prior to being called to investigate the incident, I was not aware that Ms. McKinney was on the premises, nor did I have any knowledge of what Ms. McKinney was doing on the premises, or what events were occurring. The incident occurred in the Paint Department, which is not a department that reports to me in the normal course

1

of my work.  As the reporting manager on duty that day, my only connection to the incident is that I was the person called upon to investigate it.

I did not see Ms. McKinney before the incident, did not cause the alleged incident, nor have any knowledge of any conditions related to the alleged incident.  My only connection is that I was called upon to investigate the incident after it occurred.

FURTHER AFFIANT SAYETH NOT."

_____
**TIMOTHY HOOVER**


SUBSCRIBED AND SWORN TO BEFORE ME on this the 25ᵀᴴ day of January, 2006.

_____
Notary Public in and for the
State of Texas

TODD KILLEBREW
Notary Public, State of Texas
My Commission Expires
July 29, 2007

2

# APPENDIX "C-3"

CAUSE NO. 153-215682-06

| | | |
|---|---|---|
| NANCY MCKINNEY | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff | § | |
| | § | |
| V. | § | |
| | § | |
| HOME DEPOT, USA, INC. | § | TARRANT COUNTY, TEXAS |
| d/b/a THE HOME DEPOT; | § | |
| HOME DEPOT, INC.; HOME DEPOT | § | |
| INTERNATIONAL, INC. f/k/a HOME | § | |
| DEPOT OF TEXAS, INC.; TIMOTHY | § | |
| HOOVER AND STUART LAZARUS | § | |
| | § | |
| Defendants | § | 153RD JUDICIAL DISTRICT |

## AFFIDAVIT

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF DALLAS | § |

BEFORE ME, the undersigned authority, on this day personally appeared **STUART**

**LAZARUS**, who being duly sworn on his oath stated the following:

"My name is Stuart Lazarus. I am over 18 years of age, of sound mind, capable of making this Affidavit, and personally acquainted with the facts herein stated. I have never been convicted of a felony or a crime involving turpitude.

I am currently the store manager for Home Depot store #0552 located at 2901 West Wheatland Road, Dallas, Dallas County, Texas 75237. However, on January 8, 2004, I was not the store manager for Home Depot store #0552 and was not assigned or working at Home Depot store #0552. I was not present at that store, nor otherwise assigned to that store, on the date that Ms. McKinney alleges the incident made the basis of this suit occurred.

FURTHER AFFIANT SAYETH NOT."

_____
STUART LAZARUS

SUBSCRIBED AND SWORN TO BEFORE ME on this the 25th day of January, 2006.

_____
Notary Public in and for the
State of Texas

```
TODD KILLEBREW
Notary Public, State of Texas
My Commission Expires
July 29, 2007
```



**JS 44** (Rev 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

RECEIVED

MAY 1 1 2006   11'58

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**I. (a) PLAINTIFFS**

Nancy McKinney
2908 Gilmer Road, Lot 20
Longview, Texas 75604

ORIGINAL

**DEFENDANTS**

Home Depot U.S.A., Inc.
2455 Paces Ferry Road, N.W.
Atlanta, GA 30339-4024

**(b)** County of Residence of First Listed Plaintiff      **Tarrant**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant      Cobb
(IN U.S. PLAINTIFF CASES ONLY)

NOTE   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Mike Freden; Noteboom – The Law Firm
669 Airport Frwy, Suite 100; Hurst, TX 76053; (817) 282-9700

Attorneys (If Known)

Bernard R. Suchocki; Suchocki & Cummings, P.C.
101 Summit Ave., Suite 312; Ft. Worth, TX 76102; (817) 338-0088

4-06CV-327-A

**II. BASIS OF JURISDICTION**      (Place an "X" in One Box Only)

☐ 1   U.S. Government
Plaintiff

☐ 3   Federal Question
(U.S. Government Not a Party)

☐ 2   U.S. Government
Defendant

☒ 4   Diversity
(Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)      and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | of Property 21 USC 881 |  | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | ☐ 650 Airline Regs | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | Safety/Health |  | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 690 Other |  | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability |  | **LABOR** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | **LABOR** | ☐ 710 Fair Labor Standards | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle |  | Act | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☒ 360 Other Personal | ☐ 730 Labor/Mgmt.Reporting | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
|  |  | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 791 Empl. Ret. Inc. | ☐ 870 Taxes (U.S. Plaintiff | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Security Act | or Defendant) | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ |  | ☐ 871 IRS—Third Party | Act |
| ☐ 240 Torts to Land | Accommodations | **PRISONER PETITIONS** | 26 USC 7609 | ☐ 900 Appeal of Fee Determination |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 510 Motions to Vacate |  | Under Equal Access |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | Sentence |  | to Justice |
|  | Employment | **Habeas Corpus:** |  | ☐ 950 Constitutionality of |
|  | ☐ 446 Amer. w/Disabilities - | ☐ 530 General |  | State Statutes |
|  | Other | ☐ 535 Death Penalty |  |  |
|  | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other |  |  |
|  |  | ☐ 550 Civil Rights |  |  |
|  |  | ☐ 555 Prison Condition |  |  |

Under FORFEITURE/PENALTY: ☐ 362 Personal Injury - Med Malpractice; ☐ 365 Personal Injury - Product Liability; ☐ 368 Asbestos Personal Injury Product Liability. **PERSONAL PROPERTY** ☐ 370 Other Fraud; ☐ 371 Truth in Lending; ☐ 380 Other Personal Property Damage; ☐ 385 Property Damage Product Liability. **PRISONER PETITIONS** ☐ 530 Motions to Vacate Sentence. **SOCIAL SECURITY** ☐ 861 HIA (1395ff).

**V. ORIGIN** (Place an "X" in One Box Only)

☐ 1 Original
Proceeding

☒ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
another district
(specify)

☐ 6 Multidistrict
Litigation

☐ 7 Appeal to District
Judge from
Magistrate
Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
**28 U.S.C. § 1441**

Brief description of cause:
**28 U.S.C. § 1441**

**VII. REQUESTED IN
COMPLAINT:**

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $
in excess of $75,000

CHECK YES only if demanded in complaint.
JURY DEMAND:   ☒ Yes   ☐ No

**VIII. RELATED CASE(S)
IF ANY**      None.

(See instructions):      JUDGE _____      DOCKET NUMBER _____

DATE      **May 10, 2006**

SIGNATURE OF ATTORNEY OF RECORD
Bernard R. Suchocki

**FOR OFFICE USE ONLY**

RECEIPT # 56228   AMOUNT 350°°   APPLYING IFP _____   JUDGE A   MAG JUDGE _____



# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS

RECEIVED

MAY 1 1 2006
11:58

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

## SUPPLEMENTAL CIVIL COVER SHEET FOR
## CASES REMOVED FROM STATE COURT

*This form must be attached to the Civil Cover Sheet at the time the case is filed in the U.S. District Clerk's Office. Additional sheets may be used as necessary.*

1.  **Style of the Case:**

    **4 - 0 6 C V - 3 2 7 - A**

    Please include all Plaintiff(s), Defendant(s), Intervenor(s), Counterclaimant(s), Crossclaimant(s) and Third Party Claimant(s) still remaining in the case and indicate their party type. Also, please list the attorney(s) of record for each party named and include their bar number, firm name, correct mailing address, and phone number (including area code.)

    | <u>**Party and Party Type**</u> | <u>**Attorney(s)**</u> |
    |---|---|
    | Plaintiff – Nancy McKinney<br>2908 Gilmer Road<br>Longview, Texas 75604 | Mike Freden<br>NOTEBOOM – THE LAW FIRM<br>669 Airport Freeway, Suite 100<br>Hurst, Texas 76053 |
    | Defendants – Home Depot, USA, Inc.<br>         d/b/a The Home Depot<br>     Home Depot, Inc.<br>     Home Depot International, Inc.<br>        f/k/a Home Depot of Texas, Inc.<br>     Timothy Hoover<br>     Stuart Lazarus | Bernard R. Suchocki<br>SUCHOCKI & CUMMINGS, P.C.<br>101 Summit Avenue, Suite 312<br>Fort Worth, Texas 76102 |

2.  **Jury Demand:**

    Was a Jury Demand made in State Court?  ___ Yes   <u>X</u> No

    If "*Yes*," by which party and on what date?

    <u>                                    </u>       <u>            </u>
    Plaintiffs                                               Date

3.  **Answer:**

    Was an Answer made in State Court?   <u>X</u> Yes   ___ No

    If "*Yes*," by which party and on what date?

    <u>All Defendants                              </u>     <u>January 17, 2006</u>
    Defendants                                                   Date

**Supplemental Civil Cover Sheet**
**Page 2**

4.      **Unserved Parties:**

The following parties have not been served at the time this case was removed:

<table>
<tr><td>**Party**</td><td>**Reason(s) for No Service**</td></tr>
</table>

None.

5.      **Nonsuited, Dismissed or Terminated Parties:**

Please indicate any changes from the style on the State Court papers and the reason for that change:

<table>
<tr><td>**Party**</td><td>**Reason**</td></tr>
</table>

None.

6.      **Claims of the Parties:**

The filing party submits the following summary of the remaining claims of each party in this litigation:

| **Party** | **Claim(s)** |
|---|---|
| Nancy McKinney | Plaintiff Nancy McKinney claims injuries to her neck and spine as a result of a box of Liquid Nails hitting her on the head. |