```
         IN THE UNITED STATES DISTRICT COURT
             NORTHERN DISTRICT OF TEXAS
                 FORT WORTH DIVISION
```

```
NANCY McKINNEY,                  §
                                 §
         Plaintiff,              §
                                 §
VS.                              §   NO. 4:06-CV-0327-A
                                 §
HOME DEPOT, USA, INC., ET AL.,   §
                                 §
         Defendants.             §
```

## MEMORANDUM OPINION
## and
## ORDER

Came on to be considered the motion to remand filed by plaintiff, Nancy McKinney, in the above-captioned case on June 9, 2006, and the motion to dismiss filed by defendants Home Depot International, Inc., f/k/a Home Depot of Texas, Inc. ("Home Depot International"), Timothy Hoover ("Hoover"), and Stuart Lazarus ("Lazarus"), filed June 6, 2006. The court has concluded that the motion to remand should be denied and that the claims asserted against Home Depot International, Hoover, and Lazarus should be dismissed.

I.

## Background

Plaintiff filed the above-captioned action in the District Court of Tarrant County, Texas, 153rd Judicial District, on January 4, 2006, against Home Depot, USA, Inc., d/b/a The Home Depot; Home Depot, Inc.; Home Depot International; Hoover; and Lazarus. She complained that she was injured when an object fell on her while she was in a "Home Depot" place of business in

January 2004.  Plaintiff made no distinction in her liability and damage allegations against The Home Depot defendants, simply referring to all of them in those allegations as "Home Depot." Therefore, there is no way to tell for certain from her allegations what she is claiming that one Home Depot defendant did as opposed to the other.  She alleges that Hoover and Lazarus were negligent by failing to properly train Home Depot employees to safely position boxes so that they would not fall on customers and in failing to properly monitor and control Home Depot employees' actions so that customers would not be in danger. Plaintiff did not specify in her pleading the amount she was seeking to recover, stating only that she was suing "for the recovery of damages which are in excess of the minimal jurisdictional limits of [the state court]."  Pl.'s Original Pet. at 2.  The pleading did not give the state of citizenship of any of the parties.

    In January 2006, Home Depot, USA, Inc., filed a pleading in the state court asking that plaintiff be ordered to replead and specify the maximum amount of damages sought by plaintiff.  After a hearing, the state court ordered on May 3, 2006, that plaintiff replead, and that the new pleading specify "whether the amount in controversy exceeds $75,000."  Br. in Supp. of Def.'s Resp. to Mot. to Remand, App. at 8.  Plaintiff filed a first amended original petition in state court on May 9, 2006, in which plaintiff alleged that the suit was brought "for the recovery of

2

damages which exceed $75,000, exclusive of costs, interest, and attorney's fees."  Id. at 3.

On May 11, 2006, all defendants joined in the filing of a notice of removal by which this action was removed to this court. The removal was based on diversity of citizenship and an amount in controversy in excess of $75,000, exclusive of interest and costs. Home Depot, USA, Inc., and Home Depot, Inc., each was alleged to be incorporated under the laws of the State of Delaware and to have a principal place of business in the State of Georgia, thus making them citizens of the states of Delaware and Georgia. Home Depot International was alleged to be a citizen of Texas. Hoover and Lazarus were alleged to be citizens of the State of Texas. Defendants asserted that Home Depot International, Hoover, and Lazarus were fraudulently joined[1] as defendants in an effort to defeat removal to the federal court.

II.

Analysis

A.  Defendants' Notice of Removal Was Timely

Plaintiff's argument that the notice of removal was untimely is predicated on an assertion that defendants should have been aware from the nature of the claims being made by plaintiff in her original petition that she would be seeking recovery of more than $75,000, exclusive of interest and costs. Defendants, on

---

[1] Rather than to use the term "fraudulently joined," the court from this point forward in this Memorandum Opinion and Order uses the term "improper joinder," as the Fifth Circuit contemplated in Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 571 n.1 (5th Cir. 2004).

3

the other hand, take issue with that assertion, and maintain that they had no knowledge that the removal jurisdictional amount existed until after the amended petition was filed.

Plaintiff's original petition does not allege a specific amount of damages, and the court does not find that it is facially apparent that the claims in such petition exceed the jurisdictional amount. See White v. FCI USA, Inc., 319 F.3d 672, 675 (5th Cir. 2003) (citing St. Paul Reinsurance Co. Ltd. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir. 1998)).  Therefore, this action was not removable at the time of original filing, and the applicable time limit for filing a motion to remand is found in 28 U.S.C. § 1446(b).  See Chapman v. Powermatic, Inc., 969 F.2d 160, 164 (5th Cir. 1992).

The thirty-day time limit of § 1446(b) does not start to run until a defendant receives, after the petition is filed, an "other paper" from which the defendant can ascertain that the case has become removable.  Id.  In this case, the time limit did not start to run until the amended pleading was filed specifying that the amount in controversy exceeded the jurisdictional amount.  Therefore, the notice of removal filed May 11, 2006, was timely.

B.  The Defendants Who Are Citizen of the State of Texas Were Not Improperly Joined

Plaintiff does not dispute the evidentiary material provided by defendants that Home Depot International had absolutely nothing to do with the operation of the retail facility where the accident in question happened.  Therefore, the court concludes

4

that it was improperly joined.  Nor does plaintiff take issue with the evidentiary showing of defendants that Lazarus had nothing to do with the operation of the retail outlet in question at the time of plaintiff's accident.  Therefore, his joinder was improper.

Plaintiff maintains, however, that Hoover was properly joined as a defendant because he had a managerial position in the retail outlet in question and that, in that position, he could have participated in activities on behalf of his employer, such as training his subordinates and formulating training policy.

Defendants argue, based primarily on <u>Leitch v. Hornsby</u>, 935 S.W.2d 114 (Tex. 1996), that there is no arguably reasonable basis for holding Hoover liable for plaintiff's injuries.  In <u>Leitch</u>, the Texas Supreme Court explained when individual liability will be imposed on a corporate officer or agent acting in the scope of employment:  "[I]ndividual liability arises only when the officer or agent owes an <u>independent duty</u> of reasonable care to the injured party <u>apart from the employer's duty</u>."  <u>Id.</u> at 117 (emphasis added). <u>Leitch</u> dealt with a corporation's duty to provide a safe workplace for employees, rather than a corporation's duty to third-person invitees.  <u>Id.</u>  The Fifth Circuit has noted that "<u>Leitch</u> was not a premises case and we cannot say with full confidence that it will be applied outside of the employer-employee context." <u>Valdes v. Wal-Mart Stores, Inc.</u>, 199 F.3d 290, 294 n.5 (5th Cir. 2000).  However, the Texas Supreme Court recently applied <u>Leitch</u> in favor of the invitor in

5

an invitor-invitee case.  <u>Tri v. J.T.T.</u>, 162 S.W.3d 552 (Tex. 2005).  In light of <u>Tri</u>, the court is satisfied that the principles of <u>Leitch</u> are controlling in this action.  Therefore, unless Hoover had an independent duty to plaintiff, there is no reasonable possibility of recovery against Hoover, and Hoover is improperly joined.

The question then is whether Hoover had an independent duty apart from the duty of his employer.  Plaintiff does not allege any facts that would support a conclusion that Hoover had an independent duty to her.  The only allegations against Hoover are that he was "negligent by failing to:  a. properly train Home Depot employees to safely position boxes so that they do not fall on customers; and b. properly monitor and control Home Depot employees' actions so that customers are not endangered."  Br. in Supp. of Def.'s Resp. to Mot. to Remand, App. at 6.  These conclusory allegations do not suggest that Hoover owed an independent duty of any kind to plaintiff.  Therefore, the court concludes that Hoover was improperly joined.

For the reasons stated above, the citizenship in Texas of Home Depot International, Hoover, and Lazarus is being disregarded for the purpose of determining whether diversity of citizenship exists.  Once the citizenship of those parties is disregarded, diversity of citizenship, as well as the requisite jurisdictional amount, does exist.

C.   <u>The Claims Against Home Depot International, Hoover, and Lazarus Should be Dismissed</u>

6

Having concluded that Home Depot International, Hoover, and Lazarus were improperly joined, the court further concludes that the claims asserted by plaintiff against them should be dismissed because of the failure of plaintiff to state a claim against any of them.

### III.

### ORDER

For the reasons stated above,

The court ORDERS that plaintiff's motion to remand be, and is hereby, denied.

The court further ORDERS that all claims asserted by plaintiff against Home Depot International, Hoover, and Lazarus, be, and are hereby, dismissed for the reason that plaintiff has failed to state a claim against any of them.

The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to the dismissal of the claims of plaintiff against Home Depot International, Hoover, and Lazarus.

SIGNED October   13  , 2006.

　　　　　　　　　　　　　　　　   /s/ John McBryde                    
　　　　　　　　　　　　　　　　JOHN McBRYDE
　　　　　　　　　　　　　　　　United States District Judge